UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRISTIAN ALEXIS MORAN CORADO,

Petitioner,

v.

PAMELA BONDI, *et al.*,

Respondents.

Case No. C26-1081-MLP

ORDER

The Court previously granted Petitioner's habeas petition, concluding that Respondents violated Petitioner's procedural due process rights under the Fifth Amendment to the United States Constitution. (Dkt. # 9.) Petitioner now seeks attorney's fees at an enhanced market rate or, in the alternative, at the statutory rate of $258.46 per hour as set by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. # 13.) Respondents oppose any fee award on the grounds that EAJA fees are unavailable in immigration habeas actions and that fees are unwarranted because Respondents' position was substantially justified. (Dkt. # 14.) Having considered the parties' briefing and the balance of the record, the Court GRANTS Petitioner's motion for attorney's fees at the statutory rate (dkt. # 9).

## I. DISCUSSION

There is no dispute that Petitioner is the prevailing party. The Court therefore addresses Respondents' contentions that (1) the EAJA does not authorize attorneys' fees in habeas proceedings challenging immigration detention, and (2) their position was substantially justified.

### A. EAJA Fees are Permitted in Immigration Habeas Cases

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort)[.]" 28 U.S.C. § 2412(d)(1)(A). "The EAJA partially waives the sovereign immunity of the United States, allowing an award of attorneys' fees in certain circumstances." *W. Watersheds Project v. Interior Bd. of Land Appeals*, 624 F.3d 983, 985 (9th Cir. 2010). "[A]s with all waivers of sovereign immunity, the EAJA's waiver must be strictly construed." *Id.* at 989.

Respondents argue that the term "civil action" as used in the EAJA is "ambiguous as to whether it encompasses" immigration habeas petitions. (Dkt. # 14 at 3.) Relying on precedent from the Fourth and Fifth Circuits, Respondents argue that the "hybrid nature" of habeas renders it not purely civil. (*Id.* at 4 (citing *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023); *Obando-Seguro v. Garland*, 999 F.3d 190, 194 (4th Cir. 2021)).)

The Ninth Circuit held in *In Re Hill* that EAJA fees are available in an immigration habeas action. 775 F.2d 1037, 1040-41 (9th Cir. 1985). This holding is consistent with the United States Supreme Court's characterization of habeas corpus proceedings as "technically 'civil[.]'" *Schlanger v. Seamus*, 401 U.S. 487, 490 n.4 (1971). Consistent with Ninth Circuit precedent, as well as several circuit courts and courts in this district, this Court agrees that the EAJA permits an award of attorney's fees to a petitioner who prevails in an immigration habeas matter. *See Michelin v. Warden*, 169 F.4th 418, 428 (3d Cir. 2026); *Doley v. Ceja*, 158 F.4th 1152, 1166

(10th Cir. 2025); *Vacchio v. Ashcroft*, 404 F.3d 663, 672 (2d Cir. 2005); *Soriano v. Hernandez*, 2026 WL 2582790, *1 (W.D. Wash. Sept. 1, 2026) (collecting cases); *Sorio v. Hermosillo*, 2026 WL 2593571, *5 (W.D. Wash. Sept. 2, 2026); *Ortiz v. Hermosillo*, No. 2:26-cv-384-TL, ECF No. 29, at *7-8 (W.D. Wash. Aug. 26, 2026). Even strictly construing the statute, the plain text of the EAJA unambiguously applies to habeas proceedings challenging immigration detention as civil actions. Accordingly, where a petitioner is a prevailing party in an immigration habeas action, as here, the EAJA applies, and the government is not immune from a fee award. 28 U.S.C. § 2412(d)(1)(A).

**B. Respondents' Position Was Not Substantially Justified**

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). "It is the government's burden to show that its position was substantially justified." *Id.* Substantially justified means "justified to a degree that could satisfy a reasonable person." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The court examines "both the government's litigation position and the underlying agency action giving rise to the civil action." *Id.* Whether the government's position was substantially justified is a matter of discretion for the district court. *Id.* at 869.

Respondents cite to one case for the contention that their "redetention of Petitioner without pre-deprivation process and their legal position were substantially justified." (Dkt. # 14 at 7; *Garcia Gabriel v. Hermosillo*, 2026 WL 194233 (W.D. Wash. Jan. 26, 2026).) The Court in

*Garcia Gabriel* found a petitioner was not subject to mandatory detention and was entitled to a bond hearing where the petitioner's removal proceedings had been terminated and supervisory requirements also presumably terminated. 2026 WL 194233 at *5-6. Respondents disregard that, fundamentally, the Court in *Garcia Gabriel* rejected Respondents' mandatory detention argument and awarded relief. *Id.* at *2-6.[1] If Respondents had indeed relied on *Garcia Gabriel*, they would have conceded Petitioner was detained under Section 1226(a), provided him a bond hearing, and then argued that the petition was moot. Instead, Respondents argued that "Petitioner's requests for relief should be denied" in their entirety. (Dkt. # 5 at 9.) Moreover, at the time of Petitioner's arrest and redetention, the overwhelming weight of authority in this District held that noncitizens who have been released from detention and are living in the community may not be redetained without due process. *See Arrioja Blanco v. Hernandez*, Case No. C26-493-MLP, dkt. # 20 at 2-3 (W.D. Wash. Jul. 1, 2026). Respondents' position was not substantially justified.

### C. Enhanced Fees

The EAJA caps attorney fees at a statutory maximum rate, adjusted for inflation, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Petitioner seeks enhanced fees at the market rates of $575.00 and $350.00 per hour for work performed by counsel, and the statutory maximum rate of $258.46 per hour for work performed by paralegals, totaling $6,316.88, inclusive of the $5.00 filing fee. (Dkt. # 13 at

[1] Of note is that the Court in *Garcia Gabriel* later agreed in its decision in *Yu v. Hernandez* with criticism of *Garcia Gabriel*, concluding instead that "[a] noncitizen's due process protections after dismissal of prior removal proceedings cannot be less than the due process protections afforded to noncitizens subject to conditional release." 2026 WL 1560581, at *8 (W.D. Wash. May 22, 2026). The holding in *Yu* was available to Respondents before the filing of their opposition to Petitioner's motion for attorney's fees.

12.) Petitioner requests, in the alternative, the EAJA statutory fee for attorney work and paralegal work, totaling $4,166.20, inclusive of the $5.00 filing fee. (*Id.* at 10.) Petitioner argues that the enhanced fee award is warranted because Petitioner "would not have prevailed absent counsel with 'distinctive knowledge or specialized skill needful for the litigation in question[.]'" (*Id.*)

Three elements must be met to satisfy the limited availability requirement: (1) counsel possesses "distinctive knowledge" or "specialized skills"; (2) the knowledge or skills were "needful to the litigation in question"; and (3) competent counsel was "not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912-15 (9th Cir. 2009). Petitioner contends each factor supports an award of enhanced fees. The Court disagrees.

Petitioner asserts "[t]his was not an ordinary immigration case," and required knowledge of numerous areas including habeas corpus, immigration custody, constitutional due process, specific ICE and OREC procedures, and developing district-court law. (Dkt. # 13 at 11.) Petitioner further contends counsel has "distinctive experience" at the intersection of federal habeas and removal defense, and "serves on the national board of directors of the American Immigration Lawyers Association." (*Id.*) The record reflects counsels' knowledge and skills in the aforementioned areas, but "immigration law expertise, by itself" does not justify enhanced rates "without a showing that the attorneys possess distinctive knowledge or specialized skill necessary to this litigation." *Nadarajah*, 569 F.3d 906 at 913. Such a showing has not been made here, and the Court is not persuaded that counsels' applicable knowledge and skill were required to prevail in this case, where Petitioner's claims do not meaningfully differ from those presented in many other habeas petitions involving similar facts.

Petitioner also states that "[v]ery few attorneys in this District possess" the "combination of skills" described above. (Dkt. # 13 at 11.) Yet, as Respondents point out, counsel in many

similar cases have obtained habeas relief for noncitizens and accepted fees at the statutory rate. (Dkt. # 14 at 8-10.) Petitioner's assertion to the contrary is unpersuasive.

Accordingly, Petitioner has not carried his burden to show that enhanced fees are warranted, and fees will be awarded at the statutory EAJA rate of $258.46, which amounts to $3,721.82 for 14.4 hours of attorney time. (*See* dkt. # 13 at 10.)

As to the appropriate rate for paralegal time, Courts in this District have found that $225.00 to $250.00 is an appropriate paralegal hourly rate in this market. *See Ramirez Tesara v. Hernandez*, 2026 WL 1506097, at *3 (W.D. Wash. May 29, 2026) (collecting cases). Here, Petitioner requests paralegal fees at the statutory EAJA rate for attorney time of $258.46 per hour. (Dkt. # 13 at 10, 12.) Respondents do not object to the recovery of paralegal fees at the statutory rate. (*See* dkt. # 14 at 8-10.) Accordingly, additional fees will be awarded at the statutory EAJA rate of $258.46, which amounts to $439.38 for 1.7 hours of paralegal time.

### D. Stay is Not Warranted

Without providing any supporting argument or citation to authority, Respondents request that any award of fees be stayed pending the Supreme Court's decision in *Montoya Palacios v. Liggins*, No. 25-1223. (Dkt. # 14 at 6.) Respondents do not address the factors the Court must consider before granting a stay and do not identify any harm, much less irreparable harm, they face in the absence of a stay. *See, e.g.*, *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Flores v. Barr*, 977 F.3d 742, 746 (9th Cir. 2020). Accordingly, the request for a stay is denied.

## II. CONCLUSION

Because Respondents' position was not substantially justified, Petitioner's motion for attorney's fees (dkt. # 13) is GRANTED. Petitioner is awarded statutory attorney's fees and costs

in the amount of **$4,166.20** pursuant to 28 U.S.C. § 2412(a), (d), subject to any offset as described in *Astrue v. Ratliff*, 560 U.S. 586 (2010).

Dated this 9th day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge